UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROMAN LINARES, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:10-cv-00631-RLH-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GOODYEAR DUNLOP TIRES NORTH ) | (Mot. Quash - Dkt. #20) |
| AMERICA, LTD., *et al.,* ) | |
| ) | |
| Defendants. ) | |

  Before the court is non-party Nevada Department of Public Safety, Highway Patrol Division's ("NHP") Renewed Motion to Quash Subpoena Duces Tecum and/or Request for the Court to Issue an Order (Dkt. #20). The court has considered the Motion and Plaintiff's Response (Dkt. #23).

  The Complaint in this case was filed in state court and removed (Dkt. #1) May 3, 2010. It is an action brought by Plaintiff Roman Linares, individually and as Special Administrator of the Estate of Dora Linares, deceased, Gustavo Noguera, Randolfo Noguera, and Durrell Montenegro, against Defendant Goodyear Tire and Rubber Company, and Goodyear Dunlop Tires North America, Ltd. The Complaint arises out of a single vehicle accident in Clark County, Nevada, on July 25, 2009. Complaint - Dkt. #1, ¶ 13. Plaintiffs Roman Linares and Dora Linares were traveling from Los Angeles, California, to Las Vegas, and allege that suddenly, without warning, the right front tire separated and failed causing the vehicle to veer out of control and crash into a concrete embankment. *Id.* Dora Linares was ejected from the vehicle and killed in the incident. *Id.* Roman Linares was injured. Plaintiffs assert claims for strict liability, negligence, gross negligence, and willful and wanton conduct, and seek personal injury and wrongful death damages. The Estate of Dora Linares also seeks monetary damages as compensation for medical, funeral and burial expenses.

  Non-party NHP seeks an order quashing a subpoena *duces tecum* served on it by Plaintiffs

pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), or in the alternative, a court order authorizing NHP to produce responsive documents. NHP points out that this is the second subpoena *duces tecum* served by counsel for Plaintiff in this case. In a prior Order (Dkt. #17), the court granted NHP's first motion to quash. The second subpoena *duces tecum* seeks the same information involved in that order. NHP argues that the information sought is confidential pursuant to the provisions of Nevada Revised Statute ("NRS") 480.600(2)(b) because the accident for which Plaintiffs are requesting information involves the death of a person. NHP contends it is unknown whether the Clark County District Attorney's Office will be pursuing any criminal actions against the driver.

Plaintiffs oppose the motion asserting it is imperative that Plaintiffs obtain a copy of NHP's investigation file, witness statements and scene photographs for use in this case. Plaintiffs request an expedited decision because the deposition of Officer Fickel, the investigating officer at the scene of the accident, is currently noticed for March 10, 2011. Plaintiffs argue that NRS 480.600(2)(a) "does not impose mandatory confidentiality" upon the incident records they seek. Rather, Plaintiffs contend that accident records involving the death or substantial bodily harm of a person merely fall outside the mandatory disclosure requirement of the statute. Counsel for Plaintiffs has spoken telephonically with representatives of NHP who advise that NHP will not release the records without a court order. Plaintiffs therefore request that the court enter an order "granting the disclosure of the subject incident records."

NRS 480.600 requires NHP and the Investigation Division of the department to provide copies of accident reports, statements by witnesses, and photographs "within seven days after receipt of a written request of a person who claims to have sustained damages as a result of an accident, or the person's legal representative or insurer, and upon receipt of a reasonable fee to cover the cost of reproduction" unless:

1. The materials are privileged or confidential pursuant to a specific statute; or
2. The accident involved:
    (a) The death or substantial bodily harm of a person;
    (b) Failure to stop at the scene of an accident; or
    (c) The commission of a felony.

The court granted NHP's prior motion to quash the subpoena served on NHP because Plaintiff did not file an opposition to the motion, and the time for filing an opposition had run.  The court relied on the provisions of LR 7-2(d), which provides in relevant part, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  As Plaintiff did not file an opposition the court did not reach the merits.

NHP does not claim that the materials are privileged or confidential pursuant to a specific statute.  Rather, NHP relies of the provisions of subsection 2(a) in asserting the records are confidential because they involve an accident involving the death of a person.  However, as Plaintiffs point out, NRS 480.600(2) does not expressly create a statutory privilege or deem confidential accident reports and related investigation materials for accidents described in subsections (a)-(c).  Rather, it merely exempts documents arising out of the death or substantial bodily harm of a person from the *mandatory* disclosure requirements of the statute.

NHP indicates that it is resisting the subpoena because it is unknown whether the Clark County District Attorney's Office will pursue criminal charges against the driver. However, NHP does not indicate that the driver was cited, that its investigating officer submitted a report to the District Attorney's Office or submitted a request for prosecution, or that it has any reason to believe that criminal charges are contemplated.  The accident occurred more than nineteen months ago, and there is no claim the District Attorney's Office is considering charges.  NHP does not contend that it has a law enforcement interest in withholding these records.  For example, it does not contend that disclosure of the records would jeopardize an ongoing investigation, expose confidential sources or investigative techniques, or jeopardize law enforcement personnel.  On the other hand, the requested documents are clearly highly probative and discoverable within the meaning of Fed R. Civ P 26(b) in this civil action.  Under these circumstances, the court will order NHP to comply with the subpoena *duces tecum*.

Having reviewed and considered the matter,

**IT IS ORDERED**:

1. NHP's renewed Motion to Quash Subpoena Duces Tecum and/or Request for the Court to Issue an Order is **GRANTED in part** and **DENIED in part**.

///

2. The motion is **GRANTED** to the extent the court orders NHP to comply with the subpoena issued by Plaintiffs for records involving this accident, and **DENIED** with respect to the request to quash the subpoena.

Dated this 8th day of March, 2011.

_____
Peggy A. Leen
United States Magistrate Judge