# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROMAN LINARES, INDIVIDUALLY, AND AS
SPECIAL ADMINISTRATOR OF THE ESTATE
OF DORA LINARES, DECEASED; GUSTAVO
NOGUERA; RANDOLPH MONTENEGRO; and
DURELL MONTENEGRO,

        Plaintiffs,

vs.

THE GOODYEAR TIRE & RUBBER CO., and
GOODYEAR DUNLOP TIRES NORTH
AMERICA, LTD., LLC,

        Defendants.

CASE NO.   2:10-cv-00631

**PROTECTIVE ORDER**

This matter is before the Court on the parties' Stipulation for Protective Order.  Being

fully advised, the Court finds that discovery requests have been made calling for a party to

produce documents and information the party believes to be proprietary and confidential.

Additional requests for such proprietary and confidential information are likely to be made.

Accordingly, it will facilitate discovery without prejudice to any party to enter the following

Protective Order:

The following restrictions shall be observed as to the Confidential Documents and

Information produced by a party pursuant to this ORDER:

## I.      Definitions

      A.    Information designated as "Confidential" or "Confidential Information" or
"Confidential Material" shall be considered trade secret and fully protected by
this ORDER.  All portions of transcripts, depositions, exhibits, or other pleadings
or filings in this action which contain or otherwise set forth documents,
information, or other materials, or contents thereof, which have been previously
designated as Confidential, shall likewise be subject to the terms of this ORDER.

1

B.   "Communicate" (or variants of this verb) means to disclose, show, give, imply, list, describe, provide, make available, furnish or allow exposure of information in any fashion to any person, including without limitation any mailing, faxing, hand delivery, photograph or any other duplication method.

C.   "Copy" or "Copies" means reproductions made through any process, including but not limited to photocopying or photographic, any form of reproduction, manual recopying, microfilm, dictation, or mechanical, visual, or electronic duplication which in any way attempts to produce the substance, form, or intent of information;

D.   "Document" or "Documents" includes all written, recorded or graphic material, whether produced or created by a party or another person and whether produced pursuant to Rule 34, pursuant to subpoena, by agreement or otherwise and includes both those items of a tangible nature and any computer files;

E.   "Party" means any person or entity named in this litigation and any of their affiliated persons or entities;

F.   "Person" means any natural person, or any legal or business entity, profit or nonprofit organizations, or any governmental agency;

G.   "Producing Party" means the party who produced Confidential Documents or Information;

H.   For purposes of this ORDER, "conclusion of this litigation" means the execution of a settlement agreement or release disposing of all claims, entry of final judgment or the exhaustion of appeals or the expiration of time for appeals.

## II.      Restrictions

1.      Confidential Documents and the Information contained therein shall be used by the parties and those persons identified in Paragraph 2 only for the purpose of the prosecution or defense of this captioned action, and shall not be communicated in any manner to anyone other than those persons identified in Paragraph 2, without order of the Court after due notice to the Producing Party.   Each and every Confidential document produced (including copies, excerpts, digests, summaries or indices thereof) by a party shall be clearly marked and identified with the legend:

### CONFIDENTIAL

**THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN** *Roman Linares, Individually and As Special Administrator of the Estate of Dora Linares, et al. v. The Goodyear Tire & Rubber Company, et al.,* **UNITED**

**STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, Case No. 2:10-cv-00631, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER.**

In the event any party creates a computer database, disk, compact disk, DVD, drive, or other electronic record containing Confidential Documents or Information, the party creating such an electronic record shall mark the case or envelope containing the material with the language contained in Paragraph 1.  Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

2.      Confidential Documents and Information shall not be given, shown, made available, discussed or otherwise communicated in any way except to a "Covered Person," defined as follows:

a.      The Court or Courts in which this litigation is being pursued;

b.      The party or a person employed by a corporate party who is participating in the management of this litigation and the preparation of this case for trial;

c.      The attorneys of record for the parties and their associated attorneys, including the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

d.      Independent professional engineers, accident reconstruction or other independent experts retained by a party or an attorneys of record to assist in the preparation of this litigation; and

e.      Subject to objection by Goodyear Dunlop Tires North America, Ltd. (hereinafter "GDTNA") and the conditions referenced in sections 2(e)(1) and 2(e)(1)(a) - 2(e)(1)(k), other attorneys who are involved in litigation against Goodyear Dunlop Tires North America, Ltd., where those cases involve a **Grandtrek AT21, size P265/70R16,**

allegations of negligence, strict liability or breach of warranty for injury or death, and where the claim relates to a tread-belt separation.

(1)    Plaintiff's counsel, Watts Guerra Craft LLP ("Watts Guerra") shall not disseminate the documents, materials, and/or information obtained through GDTNA in this case to other attorneys except at the express, written request of other attorneys who are actually involved in a substantially similar claim (hereinafter "Other Counsel Recipient"). For the purposes of this stipulation, "Other Counsel Recipient" shall also include all counsel from Ballard Spahr, LLP, as to their involvement in any "substantially similar claim." The phrase "substantially similar claim" means that, at a minimum, the case alleges that GDTNA is responsible under claims of negligence, strict liability or breach of warranty for injury or death, caused in part by a **Grandtrek AT21, size P265/70R16**, where the claim relates to a tread-belt separation. The definition of "substantially similar claim" provided for the purpose of this Confidentiality Order is not intended by GDTNA to serve as an admission that all lawsuits and/or pre-litigation cases that meet this definition shall be considered de facto "substantially similar claims," and GDTNA does not waive its right to object to the dissemination of any documents protected by this order in cases which appear to meet the definition of "substantially similar claim" contained herein.

4

(a)   If Watts Guerra wishes to share confidential information with Other Counsel Recipient in a substantially similar case, Watts Guerra shall first give counsel for GDTNA thirty (30) days written notice of intent to share documents.

(b)   Such limited dissemination shall include only those materials specifically requested by Other Counsel Recipient.   These materials will be identified by Bates number or other reasonably specific identification to Roger P. Thomasch, Esq. of Ballard Spahr, LLP, counsel for Defendant, GDTNA.

(c)   Such Other Counsel Recipient's identity must be disclosed to Roger P. Thomasch, Esq. of Ballard Spahr, LLP, by name and address.   The case in litigation being handled by such Other Counsel Recipient must be identified by case name, court and docket number; any claims not in litigation identified by name, date of accident, location of accident, and the model name and size of the tire involved.

(d)   Such identification of Other Counsel Recipient and the case in litigation or claim must be disclosed to

Roger P. Thomasch, Esq. of Ballard Spahr, LLP, both by U.S. Mail and facsimile, 30 days before dissemination to other counsel recipient of the materials specifically requested.

(e)     Watts Guerra must obtain a signed statement in the form of Exhibit C from each such Other Counsel Recipient declaring that the Other Counsel Recipient, in turn, is bound by the terms of this Agreement as if it were entered of record in the Other Counsel Recipient's case in litigation. More specifically, Other Counsel Recipient will disseminate any GDTNA documents obtained subject to the provisions of this Confidentiality Order.

(f)     Other Counsel Recipient shall agree that, within thirty (30) days upon completion of their case, to return those documents and/or materials received (including all copies) to Roger P. Thomasch, Esq. of Ballard Spahr, LLP, counsel for Defendant GDTNA under other provisions of this Agreement.

(g)     The party disclosing the material shall also maintain and furnish to counsel for GDTNA at the conclusion of the litigation a list or description of

6

which Confidential Information has been disclosed to each recipient.

(h)     GDTNA will have thirty (30) calendar days from the receipt of the notice from Watts Guerra in which to object to the disclosure of the specifically identified "Confidential Documents" to Watts Guerra.

(i)     If no objection is made by GDTNA and received by Watts Guerra within thirty (30) calendar days after receiving the request, Watts Guerra may provide the specifically identified "Confidential Documents" directly to the Other Counsel Recipient subject to the terms and conditions of the Confidentiality Order and after receiving an Exhibit C form signed by the Other Counsel Recipient containing:

(1) A recital that the signatory has read, understands, and agrees to be bound by the terms of this Order;

(2) A recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3) A statement that the signatory consents to the exercise of personal jurisdiction by this court.

(j)     If GDTNA objects to the disclosure of specific "Confidential Documents" by Watts Guerra, Watts Guerra may challenge the good faith basis for GDTNA's objection by motion to this Court. Alternatively, Other Counsel Recipient can pursue the production of the specifically identified "Confidential Documents" in a court of competent jurisdiction for their respective case. Watts Guerra will not provide copies of the "Confidential Documents" to the requesting party after receiving GDTNA's objection.

(k)     By signing this Protective Order, Other Counsel Recipient agrees to be subject to the jurisdiction of the Court in this case for any violations or allegations of violations of this Protective Order.

3.     Before disclosing Confidential Documents or Information to any Covered Person who is a competitor or an employee of or consultant to a competitor of the Producing Party, the party wishing to make disclosure shall give at least 10 days advance notice in writing to the counsel of the Producing Party, stating the name and address of the person to whom disclosure is intended and identifying the Confidential Information or Documents to be disclosed. If within the 10-day period the Producing Party files a motion objecting to the disclosure, disclosure shall not be made until the Court rules upon the motion.

4.      No Confidential Documents shall be transmitted by email to a covered person, but shall only be transmitted on discs or other physical media.

5.      Deposition testimony relating to or discussing a party's Confidential Information shall be protected under this ORDER and the entire transcript including such testimony shall be treated as confidential for a period of 30 days after the court reporter serves copies of the transcript on the parties.  Within those 30 days, the proponent of confidential treatment of all or any portion of the deposition shall serve on all counsel of record a designation of confidentiality that identifies by page those pages to be marked with the Confidential legend of Paragraph 1. Thereafter any party opposing that designation has 30 days from the service of the designation to file a motion challenging the scope of the designation of confidentiality.  The transcripts of such deposition testimony shall be treated the same under this ORDER as other documents marked Confidential.  The court reporter and videographer, if any, for any such deposition, shall be provided a copy of this ORDER by the party at whose instance the deposition is taken, shall acknowledge this ORDER on the record and shall not disclose to anyone other than those specified in paragraph 2 any deposition testimony or exhibit in this case.

6.      Confidential Documents and Information shall not be given, shown, made available, discussed or otherwise communicated to anyone other than the attorneys of record for a party without first informing them of the contents of this ORDER.  In the case of persons specified in 2(d) hereinabove, counsel shall obtain from such person a signed acknowledgment, in the form attached hereto as EXHIBIT A, that the person:

a.      is familiar with the terms of this ORDER and agrees to comply with and be bound by them, and

      b.     submits to the jurisdiction of this Court or any other court of competent jurisdiction for the purposes of enforcement of this ORDER.

Within ten (10) days after making a disclosure authorized by paragraph 2, counsel making such disclosure shall forward to counsel for GDTNA the original acknowledgment (Exhibit A), and a description of the Confidential Documents and/or Information disclosed to each signer,

7.     Any party to this litigation may challenge a "Confidential" designation by filing a motion under seal within 30 days of the receipt of the Confidential Document or Information, to be heard *in camera*.  Pending a ruling of the Court, the challenged Document or Information shall continue to be treated as Confidential under this ORDER.

8.     All writings submitted to or filed with the Court in connection with any pre-trial proceedings which contain, set forth, summarize or otherwise disclose Confidential Documents or Information shall be filed under seal and such documents shall not be publicly available, except by further order of this Court.

9.     At the trial of this cause, the parties agree that the protection of the confidentiality of Confidential documents shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

10.     If any party or person that has obtained Confidential Documents or Information under the terms of this ORDER receives a subpoena or other legal process commanding the production of any such Confidential Documents or Information ("the subpoena"), such party or person shall promptly notify the party or person that designated the Documents or Information as Confidential of the service of the subpoena.  The party or person receiving the subpoena shall not produce any Confidential Document or Information in response to the subpoena without either the prior written consent of the Producing Party, or an order of a court of competent jurisdiction.

However, the Producing Party in such case shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

11.     The inadvertent production in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the Producing Party or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity.  Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the Producing Party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protections or immunity.

12.     Within twenty-one (21) days after the conclusion of this litigation, unless the Court orders otherwise, Counsel for any party who received Confidential Documents or Information shall request from all persons to whom Confidential Documents and Information have been provided an affidavit in the form of Exhibit B hereto.  The request shall include notification to the recipients that the litigation has concluded.  Copies of such requests shall be filed, under seal, with the Court.

13.     Within fourteen (14) days of receipt of notice of the conclusion of this litigation, each Covered Person under paragraph 2b and 2d of this ORDER shall:

a.      return to the counsel that disclosed Confidential Documents or Information to them all Confidential Documents and all documentary materials reflecting Confidential Information which are in his/her possession, custody or control, and

b.       serve upon the disclosing counsel an affidavit in the form of EXHIBIT B, attesting that he/she has returned all Confidential Documents and Information;

c.      GDTNA agrees to keep and maintain any documents returned from any party, expert, or attorney in this case for a period of four (4) years following the conclusion of this case.

14.     Unless the Court orders otherwise, within sixty (60) days after the conclusion of this litigation, every counsel who has received the Confidential Documents or Information of another party shall:

a.      Return the original of the Confidential Documents provided by the Producing Party which are in the possession, custody or control of such counsel; and

b.      Either deliver to counsel for the Producing Party all copies of Confidential Documents or documentary materials reflecting information contained in or derived from Confidential Documents provided by the Producing Party which are in the possession, custody or control of such counsel; OR

c.      destroy such documentary materials, and notify counsel for the Producing Party in writing that such action has been taken; and

d.      file under seal, all original executed affidavits received; and

e.      Inform counsel for the Producing Party in writing of the identity of any Confidential Documents or Information contained in or derived from such documents, known to such counsel, which have *not* been returned and/or destroyed in the manner

12

required by this ORDER, and the identity of any person who has failed to return each such Confidential Document and/or item of Confidential Information.

15.     Nothing in this ORDER shall limit or otherwise affect:

      a.     the rights of any party to object to any further production or use at trial of Confidential Documents or the Information contained therein; or

      b.     the rights of any party to seek a more restrictive treatment of highly confidential information.

16.     At the conclusion of this litigation, the Court shall retain jurisdiction in the case for enforcement of this ORDER.  At the conclusion of this litigation, counsel for a Producing Party shall not be entitled to inspect and copy those documents previously filed under seal with the Court pursuant to this ORDER unless the Court determines the Producing Party has shown "Good Cause" to inspect and copy said materials.  An example of "Good Cause" may include the Producing Party's documentation of a violation of this ORDER by submitting an affidavit to the Court showing that not all of the documents covered by this ORDER were returned or destroyed as provided by this ORDER.   "Good Cause" may also include a Producing Party's documentation of a violation of this ORDER by submitting an affidavit to the Court showing that the documents governed by this ORDER were being utilized in a manner not permitted by this ORDER.  At least ten (10) days prior to any hearing on the issue of whether a Producing Party has shown "Good Cause," the Producing Party shall notify in writing all counsel of record of the Producing Party's attempt to establish "Good Cause" with the Court so as to permit the Producing Party to inspect and copy those materials previously filed under seal with the Court.

17.     By their signature upon the stipulation for the entry of this ORDER and their signatures below, counsel for the parties signify their understanding of this ORDER and their

agreement to abide by its terms unless and until it is modified or superseded by further order of this Court.   The attorneys of record are responsible for employing reasonable measures, consistent with this ORDER, to control duplication of, access to and distribution of copies of Confidential information and to collect or destroy all documents at the conclusion of this litigation.


APPROVED, AND SO ORDERED, this  26th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge

**EXHIBIT A**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROMAN LINARES, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF DORA LINARES, DECEASED; GUSTAVO NOGUERA; RANDOLPH MONTENEGRO; and DURELL MONTENEGRO, | CASE NO.   2:10-cv-00631 |
| Plaintiffs, | |
| vs. | |
| THE GOODYEAR TIRE & RUBBER CO., and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., LLC, | |
| Defendants. | |

The undersigned states subject to the penalties for perjury:

1.     I have been retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or as a consultant.

2.     I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential information.

3.     I promise to abide by the above-referenced Protective Order with respect to Confidential Documents and Confidential Information furnished to me in this litigation.

4.     As a condition to receipt of documents marked Confidential in this litigation, I consent to personal jurisdiction over me in the United States District Court for the District of Nevada solely for the purpose of enforcing the Protective Order.


Signed:   _____

_____
Print Name                                                    Signed  this ____ day of _____, 201__.

_____
Address

_____
City, state, zip

**EXHIBIT B**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROMAN LINARES, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF DORA LINARES, DECEASED; GUSTAVO NOGUERA; RANDOLPH MONTENEGRO; and DURELL MONTENEGRO, | CASE NO.   2:10-cv-00631 |
| Plaintiffs, | |
| vs. | |
| THE GOODYEAR TIRE & RUBBER CO., and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., LLC, | |
| Defendants. | |

The undersigned states, subject to the penalties for perjury:

1.       I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2.       I have been furnished a copy of the Protective Order entered in this case restricting the use of confidential information.

3.       I have received notice that this litigation has concluded.

4.      I certify that I have [destroyed] [returned] all of the documents protected by the above-referenced Protective Order, including the documentary materials reflecting information contained in or derived from such documents.


Signed:      _____

_____
Print Name

_____          Signed  this _____ day of _____, 201___.
Address

_____
City, state, zip

## EXHIBIT C

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROMAN LINARES, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF DORA LINARES, DECEASED; GUSTAVO NOGUERA; RANDOLPH MONTENEGRO; and DURELL MONTENEGRO, | CASE NO.   2:10-cv-00631 |
| Plaintiffs, | |
| vs. | |
| THE GOODYEAR TIRE & RUBBER CO., and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., LLC, | |
| Defendants. | |

The undersigned states subject to the penalties for perjury:

1.      I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential Documents and Confidential Information.

2.      I am plaintiffs' counsel in a "substantially similar" litigation as that phrase is defined in the Protective Order.

3.      I have read, understand, and promise to abide by the above-referenced Protective Order as if it were entered of record in the litigation matter for which I am requesting Confidential Documents and/or Information..

4.      I promise that I will disseminate any Confidential Documents and Information provided to me subject to the provisions of the Protective Order.

5.      Within thirty (30) days of the completion of the litigation for which I am requesting the Confidential Information or Confidential Documents, I promise to return those documents and/or materials received (including all copies) to Roger P. Thomasch, Esq. of Ballard Spahr, LLP.

6.      I understand that unauthorized disclosure of stamped confidential documents constitutes contempt of court.

7.      As a condition to receipt of documents marked Confidential in this litigation, I consent to personal jurisdiction over me in the United States District Court for the District of Nevada solely for the purpose of enforcing the Protective Order.


Signed:   _____

_____
Print Name

Signed  this ____ day of _____, 201__.

_____
Address

_____
City, state, zip